IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SANDRA J. JOINER                                                                               PLAINTIFF

v.                                      Civil No. 6:07-cv-06021

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

       Sandra J. Joiner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

       Plaintiff filed an application for SSI and DIB on October 22, 2004. (Tr. 56-60). In this application and in the supporting documents filed with the SSA, Plaintiff alleged she was disabled due to bad teeth, right knee pain and burns over forty percent of her body. (Tr. 82, 97). Plaintiff alleged an onset date of August 17, 2004. (Tr. 98). These applications were initially denied on December 16, 2004 and were denied again on reconsideration on March 3, 2005. (Tr. 34-37).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

On April 20, 2005, Plaintiff requested an administrative hearing on her application. (Tr. 48-50). The hearing was held on May 25, 2006 in Hot Springs, Arkansas. (Tr. 369-393). Plaintiff was present and was represented by counsel, David Rawls, at this hearing. *See id.* Vocational Expert ("VE") David Elmore, and witness Stephanie Rodgers, also testified at this hearing. *See id.*

On October 12, 2006, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 16-25). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 17, 2004, her alleged onset date. (Tr. 23, Finding 2). The ALJ determined Plaintiff had the following severe impairments: burns over forty percent of her body and chronic adjustment disorder with mixed anxiety and depressed mood. (Tr. 23, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 19-21, Findings 5, 6). The ALJ stated he evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 19).

The ALJ reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr. 18-19, Finding 6). Specifically, the ALJ determined Plaintiff retained the RFC for work at a wide range of light work activity. The ALJ specifically found Plaintiff could occasionally lift or carry up to 20 pounds and could frequently lift or carry up to 10 pounds. The ALJ also found Plaintiff could sit for a total of 6 hours in an 8 hour workday, and could stand or walk 6 hours in an 8 hour work day. The ALJ stated Plaintiff was unable to work in excessively hot

environments. The ALJ found Plaintiff could work where interpersonal contact is routine but superficial, and complexity of tasks is learned with experience. The ALJ also found Plaintiff would need little supervision for routine tasks, but detailed supervision was needed for non-routine tasks. (Tr. 23-24, Finding 6).

The ALJ then found Plaintiff's Past Relevant Work ("PRW") included certified nurse's assistant, hospital housekeeping, and cashier/stocker. (Tr. 24 Finding 9). The ALJ then determined Plaintiff was able to perform her PRW as a cashier/stocker. The ALJ went on to find Plaintiff was not under a disability from August 17, 2004 through the date of the decision. (Tr. 24, Finding 12).

On October 20, 2006, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 11-12). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review the decision of the ALJ. (Tr. 5-7). On April 17, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on May 8, 2007. (Doc. No. 4). The case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims substantial evidence does not support the ALJ's assessment of Plaintiff's mental limitations; the ALJ erred in his treatment of the opinions of Amanda Snowden, LAC; and the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly assessed Plaintiff's mental limitations; the ALJ gave proper treatment to the opinions Amanda Snowden, LAC; and the ALJ properly applied the factors of *Polaski*.

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons. Because the Court finds that the ALJ erred in his application of *Polaski*, only that point of error will be addressed.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny,

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence.

---

the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Specifically, the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991). In this case, the ALJ did not note any inconsistencies between the record and Plaintiff's subjective complaints. (Tr. 16-19). The ALJ's analysis is insufficient under *Polaski*.

The Defendant argues in his brief several points in support of his argument that the ALJ performed a proper *Polaski* analysis. (Doc. No. 11 Pgs. 13-18). These included: (A) Plaintiff testified at her hearing about lying about her history of drug use and having a history of chronic shoplifting, (B) Plaintiff indicated she could take care of personal needs, her husband, grandchildren and pets, and (C) Plaintiff indicated she could drive, pay bills and use a checkbook. However, these points were not discussed by the ALJ and argument from the Defendant in a brief does not substitute for the required *Polaski* analysis by the ALJ in an opinion.

The Defendant also argues several areas which were addresses by the ALJ, but not in relation to the *Polaski* analysis. (Doc. No. 11 Pgs. 14-15). These include: (A) Plaintiff missing medical appointments, and (B) Plaintiff's ability to perform including preparing meals, cleaning house, doing laundry, washing dishes, vacuuming, visiting with family, shopping for food and watching televison. Although discussed by the ALJ, these points were not analyzed pursuant to *Polaski*, and like the previous areas, they should not substitute for the required *Polaski* analysis by the ALJ in an opinion.

Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and

complete analysis pursuant to *Polaski* must be performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **8th day of September 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.